■ In the Matter of SHIRLEY GARRETT, Respondent, v VINCENT GARRETT, Appellant. [633 NYS2d 514] —In a proceeding pursuant to Family Court Act article 8, the husband appeals, by permission, from so much of a temporary order of protection of the Family Court, Rockland County (Stanger, J.), dated February 15, 1994, as directed him to "complete all necessary paper work to permit the petitioner to receive the naturalization papers to which she is entitled".

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the branch of the petition which was to compel the appellant to complete the paperwork to permit the petitioner to receive her naturalization papers is denied.

The apparent intent of the Family Court was to compel the appellant to file an "immediate relative" petition on behalf of the petitioner in order to regularize her immigration status (see, Immigration and Nationality, 8 USC § 1154). Under Federal law, the appellant may, but has no duty to, file such a document (Immigration and Nationality, 8 USC § 1154). His unwillingness to file an immediate relative petition can in no

way be deemed a family offense so as to warrant the granting of final or interim relief pursuant to Family Court Act article 8 *(see,* Family Ct Act §§ 812, 828, 842). Accordingly, the order should be reversed insofar as appealed from. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.